UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RHONDA BASS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: |
| | ) |
| MIKE ROME HOLDINGS, LLC | ) |
| D/B/A MRH & ASSOCIATES, | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, and for Plaintiff's Complaint against the Defendant states as follows:

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act[1] (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]), out of state law violations and out of the invasion of Plaintiff's personal and financial privacy by the Defendant and its agents in its illegal efforts to collect a consumer debt from Plaintiff.

---

[1] Any reference the FDCPA or any part thereof encompasses all relevant parts and subparts thereto.

## **RECOGNITION OF THE WIDESPREAD ABUSE BY COLLECTORS**

2.  Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors. 15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

   (a)  There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**
   (b)  Existing laws and procedures for redressing these injuries are inadequate to protect consumers.
   (c)  **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts**.
   (d)  Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.
   (e)  It is the **purpose** of this title to **eliminate abusive debt collection practices** by debt collectors, to **insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged**, and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

## **PARTIES**

3.  Plaintiff Rhonda Bass (hereinafter "Plaintiff") is a natural person who is a resident of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

2

4. Defendant Mike Rome Holdings, LLC d/b/a MRH & Associates, ("Defendant" or "MRH") is a foreign debt collection firm incorporated in Louisiana with its principal place of business in Louisiana that engages in the business of debt collection of alleged defaulted debts. It conducts business in Alabama.

## VENUE

5. Venue is proper in this Court as Plaintiff is a resident citizen of this Judicial District, and all or substantially all of the wrongs complained of occurred in this county.

## STATEMENT OF FACTS

6. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7. Plaintiff allegedly owes a debt on a car deficiency after a repossession.

8. Defendant claims to be a collector on this debt.

9. Plaintiff has received harassing and abusive phone calls and letters from Defendant.

10. Defendant allegedly purchased or was assigned the debt and began harassing collection activities against Plaintiff.

11. Defendant has called before 8:00 a.m. which violates the FDCPA.

3

12. The Defendant has harassed Plaintiff by the type and number of calls it has made.

13. This was very distressing and upsetting to the Plaintiff.

14. The calls have been illegal, harassing, and abusive.

15. Defendant sent an illegal letter dated November 9, 2012, which states as follows:

> PLEASE TAKE NOTICE that a garnishment summons or levy may be served upon your employer or other third parties, without any further court proceedings or notice to you, ten days or more from the date hereof. If your earnings are garnished, your employer must show you how the amount that is garnished from your earnings was calculated. You have the right to request a hearing if you claim the garnishment is incorrect.
>
> You may wish to contact the attorney for the creditor in order to arrange for a settlement of the debt or contact an attorney to advise you about exemptions or other rights.

16. This letter is illegal as follows:

- Garnishment can only occur after a judgment and Defendant has no judgment against Plaintiff.

- Defendant cannot contact third parties.

- This letter threatens to take illegal action.

- This letter misrepresents what has happened and what may happen.

- This letter is part of a calculated plan to force Plaintiff into paying money not owed.

4

## **Remaining Factual Allegations Against Defendant MRH**

17. Defendant MRH has misrepresented the debt to Plaintiff.

18. This includes the amount of the debt.

19. This includes the legal status of the debt.

20. The debt being collected is a consumer debt as defined by the FDCPA (§1692 a(5)).

21. Plaintiff is a "consumer" as defined by the FDCPA (§1692 a(3)).

22. Defendant MRH is a "debt collector" as defined by the FDCPA (§1692 a(6).

23. Defendant MRH refused to give Plaintiff all required notifications and disclosures under the FDCPA, including notice that identifies Defendant and disclosed Defendant is a debt collector attempting to collect a debt.

24. Defendant MRH contacted third parties on more than one occasion and violated §1692b in doing so.

25. The conduct of the Defendant MRH has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

26. It is a practice of the Defendant MRH to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA and state law.

27. Defendant MRH knows its conduct is wrong but it has chosen to conduct itself in this wrongful manner as a matter of corporate policy.

28. All actions taken by employees, agents, servants, or representatives of any type for the Defendant MRH were taken in the line and scope of such individuals' employment, agency or representation.

29. All actions taken by the Defendant MRH were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the FDCPA and/or state law and/or that it knew or should have known that its actions were in reckless disregard of the FDCPA and/or state law.

30. Defendant MRH has engaged in a pattern and practice of wrongful and unlawful behavior with respect to its collection activities and as such Defendant MRH is subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by this Defendant and similar companies.

31. Defendant MRH is liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection

employees and agents, including but not limited to violations of the FDCPA and Alabama tort law, in its attempts to collect this debt from Plaintiff.

## SUMMARY

32. All of the above-described collection activities made to Plaintiff by Defendant MRH were made in violation of the FDCPA, including (but not limited to) §§1692c(a)(1), 1692d, 1692d(5), 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10), 1692e(11), 1692f, 1692f(1), and 1692g.

33. The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion and by revelation of private financial facts and resulted in actual damages to the Plaintiff.

34. The collection calls by Defendant and its agents caused Plaintiff enormous stress and anguish as a result of these calls.

35. Defendant's repeated attempts to collect this debt from Plaintiff and refusal to stop violating the law was an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

36. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Plaintiff and caused Plaintiff unnecessary distress.

37. Plaintiff has suffered actual damages as a result of these illegal collection communications by this Defendant in the form of anger, anxiety, emotional distress, fear, frustration, damage to reputation, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## **RESPONDEAT SUPERIOR LIABILITY**

38. The acts and omissions of Defendant's agents who communicated with Plaintiff as more further described herein, were committed within the line and scope of their agency relationship with their principal the Defendant.

39. The acts and omissions by these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

40. By committing these acts and omissions against Plaintiff, these other debt collectors were motivated to benefit their principal the Defendant.

41. Defendant is therefore liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional, reckless, and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Alabama tort law, in their attempts to collect this debt from Plaintiff.

## NEGLIGENT AND WANTON HIRING AND SUPERVISION

42. Defendant negligently and/or wantonly hired, retained, or supervised incompetent debt collectors and is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 et seq.

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The acts and omissions of Defendant MRH constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff, including (but not limited to) §§1692c(a)(1), 1692d, 1692d(5), 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10), 1692e(11), 1692f, 1692f(1), and 1692g.

45. As a result of Defendant MRH's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant MRH.

### COUNT II.

### INVASION OF PRIVACY

46. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

9

47. Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant violated Alabama state law as described in this Complaint.

48. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

49. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

50. Defendant and/or its agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or

private concerns or affairs of the Plaintiff, namely, by and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

51. Defendant also intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff and thereby invaded Plaintiff's right to financial privacy.

52. Defendant and its agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

53. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

54. The conduct of this Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

55. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

56. All acts of Defendant and its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant is subject to punitive damages.

57. Defendant MRH intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

58. Defendant MRH intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

59. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

60. The conduct of Defendant MRH, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant MRH which occurred in a way that would be highly offensive to a reasonable person in that position.

61. All of the other wrongful acts described in this Complaint demonstrate the wrongful scheme, plan, and design of Defendant MRH in its campaign of

improper debt collection which has led to the Plaintiff's privacy being invaded.

62. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant NCS.

63. All acts of Defendant MRH were committed with malice, intent, wantonness, and/or recklessness and as such Defendant MRH is subject to punitive damages.

## COUNT III.

## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

64. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

65. Defendant MRH's collectors are allowed and encouraged to break the law in order to collect debts.

66. This includes all of the violations of the law described in this Complaint.

67. Defendant MRH is aware of the wrongful conduct of its collectors.

68. Defendant MRH negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendant MRH is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## COUNT IV.

## WANTON, MALICIOUS, AND INTENTIONAL CONDUCT

69. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

70. Defendant MRH had a duty, and assumed a duty, to treat Plaintiff fairly and with reasonable care.

71. Defendant MRH had a duty, and assumed a duty, to not unreasonably cause harm to Plaintiff.

72. Defendant MRH acted with malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint.

73. Defendant MRH violated all of the duties Defendant MRH had and such violations were made intentionally, willfully, recklessly, maliciously, and wantonly.

74. It was foreseeable, and Defendant MRH did in fact foresee it, the actions of Defendant MRH would lead and did lead to the exact type of harm suffered by Plaintiff.

75. Defendant MRH acted with malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint.

76. Defendant MRH invaded the privacy of Plaintiff as set forth in Alabama law.

77. Such malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

78. As a result of this conduct, action, and inaction of Defendant MRH, Plaintiff has suffered damages as set forth in this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that judgment be entered against Defendant for all damages allowable (including statutory, actual, compensatory, nominal and punitive the total of which Plaintiff claims more than $75,000.00), costs, expenses, fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ John G. Watts

John G. Watts (ASB-5819-t82j)
M. Stan Herring (ASB-1074-n72m)
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com

**Attorneys for Plaintiff**

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE**

_____
Attorney for Plaintiff

**Serve defendant via certified mail at the following address:**

Mike Rome Holdings, LLC
d/b/a MRH & Associates
c/o Mike Rome
4734 Sanford Street
Metairie, LA 70006