## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **RHONDA BASS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 2:13-CV-2002-VEH** |
| | ) |
| **MIKE ROME HOLDINGS, LLC,** | ) |
| **D/B/A MRH & ASSOCIATES,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## MEMORANDUM OPINION AND
## ORDER GRANTING JUDGMENT BY DEFAULT

This is a civil action filed on October 30, 2013, by the plaintiff, Rhonda Bass, against the defendant, Mike Rome Holdings, LLC d/b/a MRH & Associates ("MRH"). (Doc. 1). The original complaint alleged that the defendant was liable for: violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (Count One); the Alabama state law claim of invasion of privacy (Count Two); the Alabama state law claim of "negligent, wanton, and/or intentional hiring and supervision of incompetent debt collectors" (Count Three); and "wanton, malicious, and intentional conduct" (Count Four). The plaintiff also demanded a jury trial. (Doc. 1 at 16).

On February 3, 2014, the clerk of court entered the defendant's default in this

case. (Doc. 13). The case is now before the court on the plaintiff's motion for entry of a default judgment. (Doc. 16). On August 15, 2014, the court ordered the defendant to show cause "no later than August 29, 2014, why a default judgment should not be entered against it." (Doc. 17 at 1). To date, the defendant has failed to respond.

On September 24, 2014, the court issued an order which, *inter alia*, stated:

> The allegations of the complaint establish that the plaintiff "allegedly owes a debt on a car deficiency after a repossession," and that the defendant is attempting to collect on that debt. However, except for a discussion of a November 9, 2012, letter sent to the plaintiff, the remainder of the complaint contains only generalized allegations which amount to nothing more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," which the Supreme Court has said "will not do." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). Further, the complaint is shotgun in nature as it makes a number of allegations, without explaining which allegations support what counts. *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295-96 (11th Cir. 2002) ("The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions."). For these reasons, the court holds that the complaint, as currently pled, fails to state a claim upon which relief may be granted.

> The court DEFERS ruling on the motion for default judgment for 30 days, during which time the plaintiff may amend the complaint to more adequately set out facts which support her claims and explain which facts support what counts. Should the plaintiff not amend within the next 30 days, the court will attempt the difficult task of ruling on the motion using the complaint as currently pled.

(Doc. 18 at 4-5).

On October 23, 2014, the plaintiff filed an amended complaint which alleges only violations of the following sections of the Fair Debt Collections Practices Act:

– Section 1692c(a)(1) which prohibits communications "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer" (Count One);

– Section 1692e which generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." (Count Two);

– Section 1692e(2)(A) which specifically prohibits "[t]he false representation of . . . the character, amount, or legal status of any debt" (Count Three);

– Section 1692e(4) which prohibits "[t]he representation or implication that nonpayment of any debt will result in … garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action[]" (Count Four);

– Section 1692e(5) which prohibits a debt collector from threatening "to take any action that cannot legally be taken or that is not intended to be taken" in an attempt to collect a debt (Count Five);

– Section 1692e(10) which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain

3

information concerning a consumer" (Count Six);

– Section 1692e(11) which requires that the defendant provide warnings and disclosures that it is a debt collector attempting to collect a debt (Count Seven);

– Section 1692f which prohibits a debt collector generally from using "unfair or unconscionable means to collect or attempt to collect any debt" (Count Eight); and

– Section 1692f(1) which prohibits specifically "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law" (Count Nine).

The Amended Complaint drops the original Complaint's Alabama state law claims of invasion of privacy; "negligent, wanton, and/or intentional hiring and supervision of incompetent debt collectors;" and "wanton, malicious, and intentional conduct." Other than the federal claims listed above, the Amended Complaint contains no other claims.

The motion for default judgment is now ripe for review.

## I.    STANDARD

In 2007, Judge Steele in the Southern District of Alabama summarized the appropriate standard for these motions. His summary, which still accurately sets out

the standard, is as follows:

In this Circuit, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Systems, Inc.,* 328 F.3d 1291, 1295 (11th Cir.2003); *see also Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada,* 674 F.2d 1365, 1369 (11th Cir.1982) ("Since this case involves a default judgment there must be strict compliance with the legal prerequisites establishing the court's power to render the judgment."). Nonetheless, it is well established that a "district court has the authority to enter default judgment for failure ... to comply with its orders or rules of procedure." *Wahl v. McIver,* 773 F.2d 1169, 1174 (11th Cir.1985).

Where, as here, a defendant has failed to appear or otherwise acknowledge the pendency of a lawsuit against her for nearly two months after being served, entry of default judgment may be appropriate. Indeed, Rule 55 itself provides for entry of default and default judgment where a defendant "has failed to plead or otherwise defend as provided by these rules." Rule 55(a), Fed.R.Civ.P. In a variety of contexts, courts have entered default judgments against defendants who have failed to defend the claims against them following proper service of process. *See, e.g., In re Knight,* 833 F.2d 1515, 1516 (11th Cir.1987) ("Where a party offers no good reason for the late filing of its answer, entry of default judgment against that party is appropriate."); *Matter of Dierschke,* 975 F.2d 181, 184 (5th Cir.1992) ("when the court finds an intentional failure of responsive pleadings there need be no other finding" to justify default judgment); *Kidd v. Andrews,* 340 F.Supp.2d 333, 338 (W.D.N.Y.2004) (entering default judgment against defendant who failed to answer or move against complaint for nearly three months); *Viveros v. Nationwide Janitorial Ass'n, Inc.,* 200 F.R.D. 681, 684 (N.D.Ga.2000) (entering default judgment against counterclaim defendant who had failed to answer or otherwise respond to counterclaim within time provided by Rule 12(a)(2)). In short, then, "[w]hile modern courts do not favor default judgments, they are certainly appropriate when the adversary process has been halted because of an essentially unresponsive party." *Flynn v. Angelucci Bros. & Sons, Inc.,* 448 F.Supp.2d 193, 195 (D.D.C.2006) (citation omitted).

The law is clear, however, that [the defendant's] failure to appear and the Clerk's subsequent entry of default against her do not automatically entitle [the plaintiff] to a default judgment. Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but is instead merely "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability." *Pitts ex rel. Pitts v. Seneca Sports, Inc.,* 321 F.Supp.2d 1353, 1357 (S.D.Ga.2004); *see also Descent v. Kolitsidas,* 396 F.Supp.2d 1315, 1316 (M.D.Fla.2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"); *GMAC Commercial Mortg. Corp. v. Maitland Hotel Associates, Ltd.,* 218 F.Supp.2d 1355, 1359 (M.D.Fla.2002) (default judgment is appropriate only if court finds sufficient basis in pleadings for judgment to be entered, and that complaint states a claim). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1370 n. 41 (11th Cir.1997).

*Atl. Recording Corp. v. Carter*, 508 F. Supp. 2d 1019, 1021-23 (S.D. Ala. 2007).

"The allegations must be well-pleaded in order to provide a sufficient basis for the judgment entered." *De Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08CV2033ORL22KRS, 2009 WL 4349806 at *2 (M.D. Fla. Nov. 24, 2009) (citing *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.,* 561 F.3d 1298, 1307 (11th Cir.2009)). In making the determination as to whether the complaint is well pleaded, the court notes that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007) (quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 1965. Mere conclusory statements in support of a threadbare recital of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

## II.   FINDINGS OF FACT

The following facts, which are alleged in the Amended Complaint, are deemed to be admitted:

1.     The plaintiff, Rhonda Bass is a natural person who is a resident of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

2.     The defendant, MRH is a foreign debt collection firm incorporated in Louisiana with its principal place of business in Louisiana that engages in the business of debt collection of alleged defaulted debts. It conducts business in Alabama.

3.     The defendant has claimed that the plaintiff allegedly owes a debt on a car deficiency after repossession. The debt was for personal use. The plaintiff actually owes no money on the debt.

4.     The defendant claims to be a collector on this debt. It has represented in phone calls and in its correspondence to the plaintiff that it was a debt collector.

5.      On some date, an individual named Lester Trey[1] called the plaintiff and informed her that he was an employee of MRH. Lester told the plaintiff that he was calling to collect the alleged deficiency owed on the vehicle. During the conversation, Lester began grilling and berating the plaintiff based on information he had apparently gleaned from her credit report, grilling her about other loans, asking if she had tried to become a nurse and grilling her about student loans. In this same conversation, the plaintiff informed Lester that she was on an extremely tight budget and could not afford the payments he demanded as her income was from Social Security payments. Lester threatened that, if she did not, "they" would garnish her wages. Lester also threatened to garnish the plaintiff's bank account which held exempt Social Security payments.

6.      Lester called the plaintiff at least two more times, both before 8:00 a.m.

7.      When Lester called the plaintiff, he failed to disclose that he was a debt collector attempting to collect a debt and that any information he obtained would be used for that purpose.

8.      Sometime after all of these calls, the defendant then sent the plaintiff a letter dated November 9, 2012, which states as follows:

---

[1] The Amended Complaint states that this person's name was "Lester Trey." (Doc. 19 at 3). However, after the first mention of this individual, the Amended Complaint references him merely as "Lester." The court accordingly likewise will refer to him as "Lester."

PLEASE TAKE NOTICE that a garnishment summons or levy may be served upon your employer or other third parties, without any further court proceedings or notice to you, ten days or more from the date hereof. If your earnings are garnished, your employer must show you how the amount that is garnished from your earnings was calculated. You have the right to request a hearing if you claim the garnishment is incorrect.

You may wish to contact the attorney for the creditor in order to arrange for a settlement of the debt or contact an attorney to advise you about exemptions or other rights.

At the time of this threat to serve a garnishment on the plaintiff's employer within ten days, the defendant had not yet sued the plaintiff, and did not have a judgment.[2]

The Amended Complaint also alleges:

29. The conduct of the [d]efendant MRH has proximately caused [p]laintiff past and future monetary loss, past and future damage to [p]laintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

---

[2]The Amended Complaint states: "Defendant MRH refused to give [p]laintiff all required notifications and disclosures under the FDCPA, including notice that identifies [d]efendant and failing to disclose that [d]efendant is a debt collector attempting to collect a debt, violating Sections 1692e(11) and 1692g." (Doc. 19 at 6-7). This conclusory statement is not a "fact," and will not be deemed admitted. Similarly, the following will not be deemed admitted:

30. It is a practice of the [d]efendant MRH to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA.

31. Defendant MRH knows its conduct is wrong but it has chosen to conduct itself in this wrongful manner as a matter of corporate policy.

(Doc. 19 at 7).

. . .

32. All actions taken by employees, agents, servants, or representatives of any type for the [d]efendant MRH were taken in the line and scope of such individuals| employment, agency or representation.

(Doc. 19 at 7).

## III.   ANALYSIS

Based on the allegations contained in the complaint, which are deemed admitted as a result of the defendant's default, the court determines that the defendant is a "debt collector," as defined by the FDCPA. *See* 15 U.S.C.A. § 1692a(6) ("any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts"). Based on the allegations contained in the complaint, which are deemed admitted as a result of the defendant's default, the court determines that the plaintiff is a "consumer" as defined by the FDCPA. *See,* 15 U.S.C.A. § 1692a(3) ("any natural person obligated or allegedly obligated to pay any debt").

### A.   <u>Count One</u>

Count One alleges a violation of section 1692c(a)(1), which prohibits a debt collector from communicating with a consumer in connection with the collection of any debt "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer." The statute further provides that "a debt

collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location." The Amended Complaint alleges that the section was violated when defendant called the plaintiff, at least two times, prior to 8:00 a.m. (Doc. 19 at 4). This fact, deemed admitted by the defendant's default, is sufficient to establish liability on this count.

### B.   <u>Count Two</u>

Count Two alleges a violation of section 1692e, which generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." The Amended Complaint alleges that the section was violated when the defendant threatened to garnish the plaintiff's bank accounts, where the plaintiff deposited her Social Security payments. The plaintiff argues that the threat to garnish these accounts amounted to a threat to illegally garnish her Social Security payments, which she states was "something it could not legally do." (Doc. 19 at 10). It is true that the Social Security Act provides that "none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process," 42 U.S.C.A. § 407(a). However, the only facts deemed admitted by the defendant's default are that:

    – in a conversation with Lester, the plaintiff stated that she was on an

extremely tight budget and could not afford the payments he demanded as her income was from Social Security payments.

– Lester threatened that, if she did not pay, "they" would garnish her wages.

– Lester also threatened to garnish the plaintiff's bank account which held exempt Social Security payments.

These facts, deemed to be admitted, do not establish a direct threat to garnish the plaintiff's Social Security income, only "wages," whatever that meant at the time Lester said it. Further, these facts do not establish that Lester knew, when he made the comments, that the plaintiff's bank account held her Social Security income. Regardless, certainly any non-exempt income could have been garnished from those accounts, even if some of the amounts therein were exempt. Based on these facts, no claim under Count Two is established.

The plaintiff also alleges that a violation of this section occurred in the November 9, 2012, letter. As a result of the defendant's default, it is deemed admitted that the letter stated:

> PLEASE TAKE NOTICE that a garnishment summons or levy may be served upon your employer or other third parties, without any further court proceedings or notice to you, ten days or more from the date hereof. If your earnings are garnished, your employer must show you how the amount that is garnished from your earnings was calculated. You have the right to request a hearing if you claim the garnishment is incorrect.

You may wish to contact the attorney for the creditor in order to arrange for a settlement of the debt or contact an attorney to advise you about exemptions or other rights.

(Doc. 19 at 4-5). It is also deemed admitted that, at the time of this letter, "the [d]efendant had not yet sued the plaintiff and did not have a judgment." (Doc. 19 at 5). Because there was no judgment, or even any pending court action against the plaintiff, each of the following statements in the letter was a "false, deceptive, or misleading representation . . . in connection with the collection of [the] debt:"

– "a garnishment summons or levy may be served upon your employer or other third parties, without any further court proceedings or notice to you, ten days or more from the date hereof," and

– "[y]ou have the right to request a hearing if you claim the garnishment is incorrect."

These facts, deemed admitted by the defendant's default, are sufficient to establish liability on this count.

## C.   Count Three

Count Three alleges a violation of section 1692e(2)(A), which specifically prohibits a debt collector from "[t]he false representation of . . . the character, amount, or legal status of any debt." The Amended Complaint alleges that the November 9,

2013, letter violates this section.  Because there was no judgment, or even any pending court action against the plaintiff, each of the following statements in the letter was a "false representation of . . . the character, amount, or legal status of any debt:"

> – "a garnishment summons or levy may be served upon your employer or other third parties, without any further court proceedings or notice to you, ten days or more from the date hereof," and

> – "[y]ou have the right to request a hearing if you claim the garnishment is incorrect."

These facts, deemed admitted by the defendant's default, are sufficient to establish liability on this count.

### D.    Count Four

In Count Four, the plaintiff alleges a violation of section 1692e(4), which prohibits a debt collector from "[t]he representation or implication that nonpayment of any debt will result in … garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action[]." The Amended Complaint alleges that the threat to garnish the plaintiff's "wages" and bank accounts violates this section. For the reasons previously stated, it does not.

The Amended Complaint also alleges that the November 9, 2013, letter violated this section. Because there was no judgment, or even any pending court action against the plaintiff, the following statement in the letter was an unlawful "representation or implication that nonpayment of any debt will result in … garnishment, attachment, or sale of any property or wages of any person:"

– "a garnishment summons or levy may be served upon your employer or other third parties, without any further court proceedings or notice to you, ten days or more from the date hereof."

This fact, deemed admitted by the defendant's default, is sufficient to establish liability on this count.

### E.    <u>Count Five</u>

Count Five alleges a violation of section 1692e(5), which prohibits a debt collector from threatening "to take any action that cannot legally be taken or that is not intended to be taken" in an attempt to collect a debt. The Amended Complaint alleges that the threat to garnish the plaintiff's "wages" and bank accounts violates this section. For the reasons previously stated, it does not.

The Amended Complaint also alleges that the November 9, 2013, letter violated this section. Because there was no judgment, or even any pending court action against the plaintiff, the following statement in the letter was an unlawful

threat "to take any action that cannot legally be taken" in an attempt to collect a debt:

> – "a garnishment summons or levy may be served upon your employer or other third parties, without any further court proceedings or notice to you, ten days or more from the date hereof."

This fact, deemed admitted by the defendant's default, is sufficient to establish liability on this count.

### F.    Count Six

Count Six alleges a violation of section 1692e(10), which prohibits a debt collector from "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

The Amended Complaint alleges that the threat to garnish the plaintiff's "wages" and bank accounts violates this section. For the reasons previously stated, it does not.   The Amended Complaint also alleges that the November 9, 2013, letter violated this section. Because there was no judgment, or even any pending court action against the plaintiff, the following statement in the letter was "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer:"

> – "a garnishment summons or levy may be served upon your employer or other third parties, without any further court proceedings or notice to you, ten days

or more from the date hereof."

This fact, deemed admitted by the defendant's default, is sufficient to establish

liability on this count.

### G.   Count Seven

Count Seven alleges a violation of section 1692e(11), which requires that the

defendant provide warnings and disclosures that it is a debt collector attempting to

collect debts. The following is considered a false or misleading communication under

section 1692e:

> The failure to disclose in the initial written communication with the
> consumer and, in addition, if the initial communication with the
> consumer is oral, in that initial oral communication, that the debt
> collector is attempting to collect a debt and that any information
> obtained will be used for that purpose, and the failure to disclose in
> subsequent communications that the communication is from a debt
> collector, except that this paragraph shall not apply to a formal pleading
> made in connection with a legal action.

15 U.S.C.A. § 1692e(11). As a consequence of the defendant's default, it has

admitted that when Lester called the plaintiff he failed to disclose that he was a debt

collector attempting to collect a debt and that any information he obtained would be

used for that purpose. This fact is sufficient to establish liability on this count.

However, the Amended Complaint's conclusory allegation that the November 9,

2013, letter "misstates the legal requirements and fails to truthfully and completely

state the law and [p]laintiff's rights under the law," does not establish liability under this count.

### H.   Counts Eight and Nine

The Amended Complaint alleges a violation of section 1692f, which prohibits a debt collector generally from using "unfair or unconscionable means to collect or attempt to collect any debt." The Amended Complaint also alleges a violation of section 1692f(1), which specifies that

> without limiting the general application of [section 1692(f) generally], the following conduct is a violation of this section: . . . The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692(f)(1).

The Amended Complaint alleges that both Counts Eight and Nine were violated by the threat to garnish the plaintiff's "wages" and bank accounts. For the reasons previously stated, this allegation does not establish liability under Counts Eight and Nine.

The Amended Complaint also alleges that the November 9, 2013, letter violates these sections. Because there was no judgment, or even any pending court action against the plaintiff, the statement that "a garnishment summons or levy may be served upon your employer or other third parties, without any further court

proceedings or notice to you, ten days or more from the date hereof," was an attempt to collect of an amount "not expressly authorized by the agreement creating the debt or permitted by law." This fact, deemed admitted by the defendant's default, is sufficient to establish liability on these counts.

## IV.   CONCLUSION

Based on the foregoing it is hereby **ORDERED, ADJUDGED**, and **DECREED** that **JUDGMENT BY DEFAULT** is hereby awarded against the defendant, and in favor of the plaintiff, on all counts of the Amended Complaint. Because the plaintiff has demanded a jury trial, a trial on the issue of damages only will be set by a later order.

The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum Opinion and Order to the defendant at its address of record.

**DONE** and **ORDERED** this 30th day of October, 2014.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

19