FILED

2015 Mar-04  AM 11:11
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **RHONDA BASS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil Action No.:** |
| | ) |
| **MIKE ROME HOLDINGS, LLC** | ) **2:13-cv-02002-VEH** |
| **D/B/A MRH & ASSOCIATES, a** | ) |
| **Corporation;** *MIKE ROME, an* | ) |
| *individual;  PICKETT & ROME, LLC,* | ) |
| *a Corporation; PICKETT & ROME,* | ) |
| *LLC D/B/A MRH&ASSOCIATES, a* | ) |
| *Corporation; BENSON, PICKETT,* | ) |
| *LAURICELLA & ROME, LLC, a* | ) |
| *Corporation; and BENSON,* | ) |
| *PICKETT, LAURICELLA & ROME,* | ) |
| *LLC D/B/A MRH&ASSOCIATES, a* | ) |
| *Corporation,* | ) |
| | ) |
| **Defendant*s*.** | ) |

## SECOND AMENDED COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, and for Plaintiff's

Amended Complaint against the *Defendants* states as follows:

1.     This action arises out of repeated violations of the Fair Debt Collection

Practices Act[1]  (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]), by the

---

[1] Any reference the FDCPA or any part thereof encompasses all relevant parts and subparts thereto.

*Defendants* and *their* agents in *their* illegal efforts to collect a consumer debt from Plaintiff.

## RECOGNITION OF THE WIDESPREAD ABUSE BY COLLECTORS

2.    Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors.  15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

(a)    There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

(b)    Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c)    **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts**.

(d)    Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e)    It is the **purpose** of this title to **eliminate abusive debt collection practices** by debt collectors, to **insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged**, and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

## **PARTIES**

3.     Plaintiff Rhonda Bass (hereinafter "Plaintiff") is a natural person who is a resident of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4.     Defendant Mike Rome Holdings, LLC d/b/a MRH & Associates, ("Defendant" or "MRH") is a foreign debt collection firm incorporated in Louisiana with its principal place of business in Louisiana that engages in the business of debt collection of alleged defaulted debts.   It conducts business in Alabama.

5.     *Defendant Mike Rome, ("Defendant" or "Rome") is an individual over the age of 19 and believed to be a resident of Louisiana.*

6.     *Defendant Pickett & Rome, LLC, ("Defendant" or "MRH") is a foreign debt collection firm incorporated in Louisiana with its principal place of business in Louisiana that engages in the business of debt collection of alleged defaulted debts.  It conducts business in Alabama.*

7.     *Defendant Pickett & Rome, LLC d/b/a MRH & Associates, ("Defendant" or "MRH") is a foreign debt collection firm incorporated in Louisiana with its principal place of business in Louisiana that engages in the business of debt collection of alleged defaulted debts.  It conducts business in Alabama.*

3

8.  *Defendant Benson, Pickett, Lauricella & Rome, LLC, ("Defendant" or "BPLR" or "MRH") is a foreign debt collection firm incorporated in Louisiana with its principal place of business in Louisiana that engages in the business of debt collection of alleged defaulted debts.  It conducts business in Alabama.*

9.  *Defendant Benson, Pickett, Lauricella & Rome, LLC d/b/a MRH & Associates ("Defendant" or "BPLR" or "MRH") is a foreign debt collection firm incorporated in Louisiana with its principal place of business in Louisiana that engages in the business of debt collection of alleged defaulted debts.  It conducts business in Alabama.*

10.  *Defendant Mike Rome Holdings, LLC d/b/a MRH & Associates,  Defendant Pickett & Rome, LLC, Defendant Pickett & Rome d/b/a MRH & Associates, Defendant Benson, Pickett, Lauricella & Rome, LLC, and  Defendant Benson, Pickett, Lauricella & Rome, LLC d/b/a MRH & Associates are hereinafter referred to collectively as "Defendants" or "MRH."*

11.  *Defendants are operated from the same location, with the same ownership, and are otherwise treated as one company.*

12.  *Mike Rome and all other Defendants established, own, and/or operate Mike Rome Holdings, LLC and/or MRH & Associates as their alter ego.*

4

13. *Mike Rome and all other Defendants had and have complete control, authority, manipulation and direction over Mike Rome Holdings, LLC, Mike Rome Holdings, LLC d/b/a MRH & Associates and MRH & Associates..*

14. *Mike Rome and all other Defendants did direct, manage and operate MRH & Associates, Mike Rome Holdings, LLC and Mike Rome Holdings, LLC d/b/a MRH & Associates for their own personal use, benefit and profit and to the detriment of the Plaintiff.*

15. *MRH & Associates, Mike Rome Holdings, LLC and Mike Rome Holdings, LLC d/b/a MRH & Associates have little or no capital, property and/or assets.*

16. *MRH & Associates, Mike Rome Holdings, LLC and Mike Rome Holdings, LLC d/b/a MRH & Associates have no or inadequate insurance proceeds in the event its conduct injures someone.*

17. *Mike Rome and all other Defendants own or owned all of the stock of MRH & Associates, Mike Rome Holdings, LLC and Mike Rome Holdings, LLC d/b/a MRH & Associates and as such controlled the operations as to make it a mere adjunct, instrumentality, or alter ego.*

18. *The finances of MRH & Associates, Mike Rome Holdings, LLC and Mike Rome Holdings, LLC d/b/a MRH & Associates were provided solely by Mike Rome and all other Defendants.*

19.   *All of the Defendants are controlled and operate as a single business enterprise.*

20.   *In an effort to avoid liability, shortly after this lawsuit was filed ownership and/or controlling interest of the name MRH & Associates,  Mike Rome Holdings, LLC and/or Mike Rome Holdings, LLC d/b/a MRH & Associates appears to have been transferred, assigned and/or sold, in whole or in part, to Defendants Pickett & Rome, LLC d/b/a MRH & Associates and/or Defendant Benson, Pickett, Lauricella & Rome, LLC.*

## VENUE

21.   Venue is proper in this Court as Plaintiff is a resident citizen of this Judicial District, and all or substantially all of the wrongs complained of occurred in this county.

## STATEMENT OF FACTS

22.   Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

23.   Plaintiff allegedly owes a debt on a car deficiency after repossession.

24.   Defendant claims to be a collector on this debt.

25.   Defendant allegedly purchased or was assigned the debt and began harassing collection activities against Plaintiff.

6

26.   An individual named Lester Trey called the Plaintiff informing her that he was an employee of Defendant, Mike Rome Holdings, LLC. ("MRH")

27.   Lester informed the Plaintiff that he was calling to collect the alleged deficiency owed on the vehicle.

28.   During the conversation, Lester began grilling and berating the Plaintiff based on information he had apparently gleaned from her credit report, grilling her about other loans, asking if she had tried to become a nurse and grilling her about student loans.

29.   Plaintiff informed Lester that she was on an extremely tight budget and could not afford the payments he demanded as her income was from Social Security payments.

30.   Lester threatened that if she did not pay, they would garnish her wages.

31.   Defendant threatened to garnish Plaintiff's bank account which held exempt Social Security payments.

32.   Lester called Plaintiff at least two more times, both before 8:00 a.m., which violates the FDCPA section 1692c(a)(1).

33.   Defendant then sent a letter dated November 9, 2012 to Plaintiff, which states as follows:

> PLEASE TAKE NOTICE that a garnishment summons or levy may be served upon your employer or other third parties, without any further court proceedings or notice to you, ten days or more from the date hereof. If your earnings are garnished,

your employer must show you how the amount that is garnished from your earnings was calculated. You have the right to request a hearing if you claim the garnishment is incorrect.

You may wish to contact the attorney for the creditor in order to arrange for a settlement of the debt or contact an attorney to advise you about exemptions or other rights.

34. This letter is illegal as follows:

- Defendant threatened to serve a garnishment on Plaintiff's employer within ten (10) days;

- At the time of this threat, Defendant had not yet sued the Plaintiff and did not have a judgment;

- Defendant further represented that it could serve the garnishment without any further court proceedings, which was not true;

- Garnishment can only occur after a judgment and Defendant had no judgment against Plaintiff;

- Defendant threatened to contact third parties to disclose the debt and it cannot contact third parties, thus violating Sections 1692e and 1692e(10);

- This letter further misrepresents Plaintiff's rights under the law to stop the garnishment and to have her Social Security payments garnished;

- This letter threatens to take illegal action, violating Sections 1692e, 1692e(2), 1692e(4), and 1692e(10); and

- This letter misrepresents what has happened, implying that Defendant already had a judgment and what may happen, violating Sections 1692e, 1692e(2), 1692e(4), and 1692e(10).

35. Defendant MRH has misrepresented the debt to Plaintiff.

36. This includes the amount of the debt as none is owed.

37. This includes the legal status of the debt as no debt is owed.

38. Defendant further misrepresented the status of the debt, as it did not have a judgment.

39. By asserting it would garnish her wages and she could only request a hearing after the fact, Defendant misrepresented that it had a judgment and further misrepresented that it had the right to garnish at that time and the garnishment process, itself.

40. The debt being collected is a consumer debt as defined by the FDCPA (§1692 a(5)) as it was for personal use.

41. Plaintiff is a "consumer" as defined by the FDCPA (§1692 a(3)).

42. Defendant represented in phone calls and in its correspondence to Plaintiff that it was a debt collector.

43. Defendant MRH is a "debt collector" as defined by the FDCPA (§1692 a(6).

44. Defendant MRH refused to give Plaintiff all required notifications and disclosures under the FDCPA, including notice that identifies Defendant and

failing to disclose that Defendant is a debt collector attempting to collect a debt, violating Sections 1692e(11) and 1692g.

45.   The conduct of the Defendant MRH has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

46.   It is a practice of the Defendant MRH to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA.

47.   Defendant MRH knows its conduct is wrong but it has chosen to conduct itself in this wrongful manner as a matter of corporate policy.

48.   All actions taken by employees, agents, servants, or representatives of any type for the Defendant MRH were taken in the line and scope of such individuals' employment, agency or representation.

49.   Defendant MRH is liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees and agents, including but not limited to violations of the FDCPA and Alabama tort law, in its attempts to collect this debt from Plaintiff.

## SUMMARY

50.  All of the above-described collection activities made to Plaintiff by Defendant MRH were made in violation of the FDCPA, including (but not limited to) §§1692c(a)(1), 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10), 1692e(11), 1692f, 1692f(1), and 1692g.

51.  The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, and resulted in actual damages to the Plaintiff.

52.  Plaintiff has suffered actual damages as a result of these illegal collection communications by this Defendant in the form of anger, anxiety, emotional distress, fear, frustration, damage to reputation, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## RESPONDEAT SUPERIOR LIABILITY

53.  The acts and omissions of Defendant's agents who communicated with Plaintiff as more further described herein, were committed within the line and scope of their agency relationship with their principal the Defendant.

54.  The acts and omissions by these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

55.     By committing these acts and omissions against Plaintiff, these other debt collectors were motivated to benefit their principal the Defendant.

56.     Defendant is therefore liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional, reckless, and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from Plaintiff.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTIONPRACTICES ACT
## 15 U.S.C. § 1692c(a)(1)

57.     Section 1692c(a)(1) states "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location."

58.     Defendant's called Plaintiff before 8 a.m. on at least two occasions in an effort to collect the debt.

59.     Defendant's conduct in calling the Plaintiff before 8 a.m. violates section 1692c(a)(1) of the FDCPA.

60.     As a result of Defendant MRH's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant MRH.

## COUNT II.

## VIOLATIONS OF THE FAIR DEBT COLLECTIONPRACTICES ACT
## 15 U.S.C. § 1692e

61.     Section 1692e states "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section."

62.     During his phone calls with Plaintiff, MRH's employee, Lester, demanded Plaintiff pay on the alleged debt.

63.     When Plaintiff's informed him that she was on a limited budget due to her income being made up of monthly Social Security payments, he informed her that if she did not pay the debt then MRH would garnish her bank accounts.

64.     Plaintiff's Social Security income legally cannot be subject to garnishment.

65.     Thus, Defendant used false and deceptive misrepresentations by threatening to do something it could not legally do.

66.     This conduct violates §1692e.

67.    Defendant also wrote Plaintiff on November 9, 2012.   In that letter, Defendant threatened garnishment as follows:

- Defendant threatened to serve a garnishment on her employer within ten (10) days;

- At the time of this threat, Defendant had not yet sued the Plaintiff and did not have a judgment;

- Defendant further represented that it could serve the garnishment without any further court proceedings, which was not true;

- Garnishment can only occur after a judgment and Defendant had no judgment against Plaintiff;

- Defendant threatened to contact third parties to disclose the debt and it cannot contact third parties;

- This letter further misrepresents Plaintiff's rights under the law;

- This letter threatens to take illegal action; and

- This letter misrepresents what has happened, implying that they already had a judgment and what may happen;

68.    The statements in this letter were false, deceptive and misrepresentations violating § 1692e of the FDCPA.

69.     As a result of Defendant MRH's violations of the FDCPA, Plaintiff is

entitled to actual damages; statutory damages; and reasonable attorney's

fees, expenses and costs from Defendant MRH.

**COUNT III.**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692e(2)**

70.     Section 1692e(2) states "The false representation of the character, amount,

or legal status of any debt;" violates the FDCPA.

71.     Defendant wrote Plaintiff on November 9, 2012 attempting to collect the

debt.  In that letter, Defendant threatened garnishment as follows:

- Defendant threatened to serve a garnishment on her employer within

  ten (10) days;

- At the time of this threat, Defendant had not yet sued the Plaintiff and

  did not have a judgment;

- Defendant further represented that it could serve the garnishment

  without any further court proceedings, which was not true;

- Garnishment can only occur after a judgment and Defendant had no

  judgment against Plaintiff;

- Defendant threatened to contact third parties to disclose the debt and it

  cannot contact third parties;

15

- This letter further misrepresents Plaintiff's rights under the law;

- This letter threatens to take illegal action; and

- This letter misrepresents what has happened, implying that they already had a judgment and what may happen.

72. The statements in this letter falsely represented character and legal status of the debt, as the alleged debt had not been reduced to a judgment by Defendant upon which it could garnish Plaintiff's bank account. Thus, these representations violated § 1692e(2) of the FDCPA.

73. As a result of Defendant MRH's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant MRH.

**COUNT IV.**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. § 1692e(4)**

74. Section 1692e(4) states, "[t]he representation or implication that nonpayment of any debt will result in … garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action[]" violates the FDCPA.

75. During his phone calls with Plaintiff, MRH's employee, Lester, demanded Plaintiff pay on the alleged debt.

76.    When Plaintiff's informed him that she was on a limited budget due to her income being made up of monthly Social Security payments, he informed her that if she did not pay the debt then MRH would garnish her bank accounts.

77.    Plaintiff's Social Security income legally cannot be subject to garnishment.

78.    Thus, Defendant threatened garnish plaintiff's wages when it was not lawful to do so and when it did not intend to take such action.

79.    This conduct violates §1692e(4) of the FDCPA.

80.    Defendant also wrote Plaintiff on November 9, 2012.   In that letter, Defendant threatened garnishment as follows:

- Defendant threatened to serve a garnishment on her employer within ten (10) days;

- At the time of this threat, Defendant had not yet sued the Plaintiff and did not have a judgment;

- Defendant further represented that it could serve the garnishment without any further court proceedings, which was not true;

- Garnishment can only occur after a judgment and Defendant had no judgment against Plaintiff;

- Defendant threatened to contact third parties to disclose the debt and it cannot contact third parties;

- This letter further misrepresents Plaintiff's rights under the law;

- This letter threatens to take illegal action; and

- This letter misrepresents what has happened, implying that they already had a judgment and what may happen.

81. Thus, the Defendant made verbal threats and statements in the letter threatening to garnish plaintiff's wages when it was not lawful to do so and when it did not intend to take such action.

82. This conduct violates §1692e(4) of the FDCPA.

83. As a result of Defendant MRH's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant MRH.

## COUNT V.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(5)

84. Section 1692e(5) states "The threat to take any action that cannot legally be taken or that is not intended to be taken" by a debt collector in an attempt to collect a debt violates the FDCPA.

85. During his phone calls with Plaintiff, MRH's employee, Lester, demanded Plaintiff pay on the alleged debt.

86. When Plaintiff's informed him that she was on a limited budget due to her income being made up of monthly Social Security payments, he informed

18

her that if she did not pay the debt then MRH would garnish her bank accounts.

87.     Plaintiff's Social Security income legally cannot be subject to garnishment.

88.     Thus, Defendant threatened to take action that cannot legally be taken or that it did not intend to take.

89.     This conduct violates §1692e(5).

90.     Defendant also wrote Plaintiff on November 9, 2012.   In that letter, Defendant threatened garnishment as follows:

- Defendant threatened to serve a garnishment on her employer within ten (10) days;

- At the time of this threat, Defendant had not yet sued the Plaintiff and did not have a judgment;

- Defendant further represented that it could serve the garnishment without any further court proceedings, which was not true;

- Garnishment can only occur after a judgment and Defendant had no judgment against Plaintiff;

- Defendant threatened to contact third parties to disclose the debt and it cannot contact third parties;

- This letter further misrepresents Plaintiff's rights under the law;

- This letter threatens to take illegal action; and

- This letter misrepresents what has happened, implying that they already had a judgment and what may happen.

91. The verbal threats and statements in the letter threatened to take action that cannot legally be taken or that Defendant did not intend to take violating § 1692e(5) of the FDCPA.

92. As a result of Defendant MRH's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant MRH.

## COUNT VI.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(10)

93. Section 1692e(10) states "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer" violates the FDCPA.

94. During his phone calls with Plaintiff, MRH's employee, Lester, demanded Plaintiff pay on the alleged debt.

95. When Plaintiff's informed him that she was on a limited budget due to her income being made up of monthly Social Security payments, he informed her that if she did not pay the debt then MRH would garnish her bank accounts.

96. Plaintiff's Social Security income legally cannot be subject to garnishment.

97.    Thus, Defendant attempted to collect debt through "[t]he use of [a] false representation or deceptive means."

98.    This conduct violates §1692e(10).

99.    Defendant also wrote Plaintiff on November 9, 2012.   In that letter, Defendant threatened garnishment as follows:

- Defendant threatened to serve a garnishment on her employer within ten (10) days;

- At the time of this threat, Defendant had not yet sued the Plaintiff and did not have a judgment;

- Defendant further represented that it could serve the garnishment without any further court proceedings, which was not true;

- Garnishment can only occur after a judgment and Defendant had no judgment against Plaintiff;

- Defendant threatened to contact third parties to disclose the debt and it cannot contact third parties;

- This letter further misrepresents Plaintiff's rights under the law;

- This letter threatens to take illegal action; and

- This letter misrepresents what has happened, implying that they already had a judgment and what may happen.

100. The verbal threats and statements in the letter threatening to take action that cannot legally be taken constituted "[t]he use of [a] false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

101. This conduct violated § 1692e(10) of the FDCPA.

102. As a result of Defendant MRH's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant MRH.

## COUNT VII.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e(11)

103. Section 1692e(11) covers the failure to provide warnings and disclosures that Defendants are debt collectors attempting to collect debts.

104. The language in Defendant's November 9, 2012 letter misstates the legal requirements and fails to truthfully and completely state the law and Plaintiff's rights under the law.

105. Additionally, when MRH's employee, Lester, called plaintiff he failed to disclosure that he was a debt collector attempting to collect a debt and that any information he obtained would be used for that purpose.

106. This conduct violates § 1692e(11) of the FDCPA.

107.   As a result of Defendant MRH's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant MRH.

## COUNT VIII.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f

108.   Section 1692f states, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

109.   During his phone calls with Plaintiff, MRH's employee, Lester, demanded Plaintiff pay on the alleged debt.

110.   When Plaintiff's informed him that she was on a limited budget due to her income being made up of monthly Social Security payments, he informed her that if she did not pay the debt then MRH would garnish her bank accounts.

111.   Plaintiff's Social Security income legally cannot be subject to garnishment.

112.   Thus, Defendant threatened to take action that cannot legally be taken.

113.   This conduct constitutes the "use [of] unfair or unconscionable means to collect or attempt to collect [a] debt" and thus violates §1692f of the FDCPA.

114.   Defendant also wrote Plaintiff on November 9, 2012.  In that letter, Defendant threatened garnishment as follows:

- Defendant threatened to serve a garnishment on her employer within ten (10) days;

- At the time of this threat, Defendant had not yet sued the Plaintiff and did not have a judgment;

- Defendant further represented that it could serve the garnishment without any further court proceedings, which was not true;

- Garnishment can only occur after a judgment and Defendant had no judgment against Plaintiff;

- Defendant threatened to contact third parties to disclose the debt and it cannot contact third parties;

- This letter further misrepresents Plaintiff's rights under the law;

- This letter threatens to take illegal action; and

- This letter misrepresents what has happened, implying that they already had a judgment and what may happen.

115.   The verbal threats and statements in the letter threaten to take action that cannot legally be taken or that Defendant did not intend, misrepresents plaintiff's rights, misstates that Defendant did not have a judgment, misstates that Defendant could garnish Plaintiff's accounts within ten (10) days and misstates that Defendant could garnish Plaintiff's accounts without first obtaining a judgment and Plaintiff's ability to stop the garnishment.

116. The above stated actions and conduct constitute the "use [of] unfair or unconscionable means to collect or attempt to collect [a] debt" and thus violates §1692f of the FDCPA.

117. As a result of Defendant MRH's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant MRH.

## COUNT IX.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692f(1)

118. Section 1692f(1) states "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

119. During his phone calls with Plaintiff, MRH's employee, Lester, demanded Plaintiff pay on the alleged debt.

120. When Plaintiff's informed him that she was on a limited budget due to her income being made up of monthly Social Security payments, he informed her that if she did not pay the debt then MRH would garnish her bank accounts.

121. Plaintiff's Social Security income legally cannot be subject to garnishment.

122. Thus, Defendant threatened to garnish accounts and income it could not.

123.   This conduct violates §1692f(1) of the FDCPA in that collection efforts were not permitted by law.

124.   Defendant also wrote Plaintiff on November 9, 2012.   In that letter, Defendant threatened garnishment as follows:

- Defendant threatened to serve a garnishment on her employer within ten (10) days;

- At the time of this threat, Defendant had not yet sued the Plaintiff and did not have a judgment;

- Defendant further represented that it could serve the garnishment without any further court proceedings, which was not true;

- Garnishment can only occur after a judgment and Defendant had no judgment against Plaintiff;

- Defendant threatened to contact third parties to disclose the debt and it cannot contact third parties;

- This letter further misrepresents Plaintiff's rights under the law;

- This letter threatens to take illegal action; and

- This letter misrepresents what has happened, implying that they already had a judgment and what may happen.

125.   The verbal threats and statements in the letter threaten to take action that cannot legally be taken or that Defendant did not intend, misrepresents

plaintiff's rights, misstates that Defendant did not have a judgment, misstates that Defendant could garnish Plaintiff's accounts within ten (10) days and misstates that Defendant could garnish Plaintiff's accounts without first obtaining a judgment and Plaintiff's ability to stop the garnishment.

126. The above stated actions and conduct violates §1692f of the FDCPA as these collection efforts were not permitted by law.

127. As a result of Defendant MRH's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant MRH.

## *COUNT X*

### *(ALTER EGO)*

128. *Plaintiff's claims against individual Defendant, Mike Rome, is on the basis that MRH & Associates, Mike Rome Holdings, LLC and/or Mike Rome Holdings, LLC d/b/a MRH & Associates were the alter ego of the individual Mike Rome and that any monies and obligations of these businesses and/or entities were the obligations and monies of Mike Rome.*

129. *Plaintiff also asserts that MRH & Associates, Mike Rome Holdings, LLC and Mike Rome Holdings, LLC d/b/a MRH & Associates were the alter ego for Defendants Pickett & Rome, LLC and/or Defendant Benson, Pickett, Lauricella & Rome, LLC.*

130. *Defendants are operated from the same location, with the same ownership, and are otherwise treated as one company.*

131. *Mike Rome and all other defendants had and have complete control, authority, manipulation and direction over MRH & Associates, Mike Rome Holdings, LLC and Mike Rome Holdings, LLC d/b/a MRH & Associates.*

132. *Mike Rome and all other defendants did direct, manage and operate MRH & Associates, Mike Rome Holdings, LLC and Mike Rome Holdings, LLC d/b/a MRH & Associates for their own personal use, benefit and profit and to the detriment of the Plaintiff.*

133. *MRH & Associates, Mike Rome Holdings, LLC and Mike Rome Holdings, LLC d/b/a MRH & Associates have little or not capital, property and/or assets.*

134. *MRH & Associates, Mike Rome Holdings, LLC and Mike Rome Holdings, LLC d/b/a MRH & Associates have no or inadequate insurance proceeds in the event its conduct injures someone.*

135. *Mike Rome and all other Defendants own or owned all of the interest or stock of MRH & Associates, Mike Rome Holdings, LLC and/or Mike Rome Holdings, LLC d/b/a MRH & Associates and as such controlled the operations as to make it a mere adjunct, instrumentality, or alter ego.*

136. *The finances of MRH & Associates, Mike Rome Holdings, LLC and Mike Rome Holdings, LLC d/b/a MRH & Associates were provided solely by Mike Rome and all other Defendants.*

137. *All of the Defendants are controlled, operate and act as a single business enterprise.*

138. *In an effort to avoid liability, shortly after this lawsuit was filed, ownership and/or controlling interest of the businesses and/or the name of MRH & Associates, Mike Rome Holdings, LLC and Mike Rome Holdings, LLC d/b/a MRH & Associates appears to have been transferred, assigned and/or sold, in whole or in part, to Defendants Pickett & Rome, LLC and/or Defendant Benson, Pickett, Lauricella & Rome, LLC.*

139. *Defendants Mike Rome, Pickett & Rome, LLC and/or Defendant Benson, Pickett, Lauricella & Rome, LLC used the corporate form of MRH & Associates, Mike Rome Holdings, LLC and Mike Rome Holdings, LLC d/b/a MRH & Associates for their own personal gain and for the purpose to attempt to evade personal responsibility.*

140. *MRH & Associates, Mike Rome Holdings, LLC and Mike Rome Holdings, LLC d/b/a MRH & Associates were organized and controlled and their business conducted in such a manner as to make them mere instrumentalities of Mike Rome and Defendants and were their alter egos.*

## **PRAYER FOR RELIEF**

**WHEREFORE**, **PREMISES CONSIDERED,** Plaintiff prays that judgment be entered against all Defendants for all damages allowable (including statutory and actual/compensatory, the total of which Plaintiff claims more than $75,000.00), costs, expenses, fees, and for such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ M. Stan Herring
**John G. Watts (ASB-5819-t82j)**
**M. Stan Herring (ASB-1074-n72m)**
Watts & Herring, LLC
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com

**Attorneys for Plaintiff**

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE**

/s/ M. Stan Herring
**Attorney for Plaintiff**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **March 4, 2015**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.  It has been sent via U.S. Mail, postage prepaid, properly addressed to Defendant at:

Mike Rome Holdings, LLC
d/b/a MRH & Associates
c/o Mike Rome
4734 Sanford Street
Metairie, LA 70006


/s/ M. Stan Herring
OF COUNSEL

*Please serve additional Defendants by Certified Mail at the following addresses:*

*Mike Rome*
*4734 Sanford Street*
*Metairie, LA 70006*

*Pickett & Rome, LLC*
*c/o Mike Rome*
*4734 Sanford Street*
*Metairie, LA 70006*

*Pickett & Rome, LLC*
*d/b/a MRH & Associates*
*c/o Mike Rome*
*4734 Sanford Street*
*Metairie, LA 70006*

*Benson, Pickett, Lauricella & Rome, LLC*
*c/o Mike Rome*
*4734 Sanford Street*
*Metairie, LA 70006*

*Benson, Pickett, Lauricella & Rome, LLC*
*d/b/a MRH & Associates*
*c/o Mike Rome*
*4734 Sanford Street*
*Metairie, LA 70006*