FILED
2017 Mar-02  AM 11:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **RHONDA BASS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:13-CV-2002-VEH** |
| | ) | |
| **MIKE ROME HOLDINGS, LLC,** | ) | |
| **D/B/A MRH & ASSOCIATES, , et** | ) | |
| **al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

## I.   INTRODUCTION AND PROCEDURAL HISTORY

### A.   The Original Complaint

This civil action was originally filed on October 30, 2013, by the Plaintiff,

Rhonda Bass, against Mike Rome Holdings, LLC d/b/a MRH & Associates ("Mike

Rome Holdings"). (Doc. 1). The original Complaint alleged that Mike Rome

Holdings was liable for: violations of the Fair Debt Collection Practices Act, 15

U.S.C. § 1692, *et seq*. (Count One); the Alabama state law claim of invasion of

privacy (Count Two); the Alabama state law claim of "negligent, wanton, and/or

intentional hiring and supervision of incompetent debt collectors" (Count Three); and

"wanton, malicious, and intentional conduct" (Count Four). The Plaintiff also demanded a jury trial. (Doc. 1 at 16).

On February 3, 2014, the clerk of court entered the default of Mike Rome Holdings. (Doc. 13). On August 16, 2017, the Plaintiff filed a motion for entry of a default judgment. (Doc. 16). On August 15, 2014, the Court ordered Mike Rome Holdings to show cause "no later than August 29, 2014, why a default judgment should not be entered against it." (Doc. 17 at 1). Mike Rome Holdings failed to respond to that Order.

## B.   **The Amended Complaint**

On September 24, 2014, the court issued an order which, *inter alia*, stated:

> The allegations of the complaint establish that the plaintiff "allegedly owes a debt on a car deficiency after a repossession," and that the defendant is attempting to collect on that debt. However, except for a discussion of a November 9, 2012, letter sent to the plaintiff, the remainder of the complaint contains only generalized allegations which amount to nothing more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," which the Supreme Court has said "will not do." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). Further, the complaint is shotgun in nature as it makes a number of allegations, without explaining which allegations support what counts. *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295-96 (11th Cir. 2002) ("The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions."). For these reasons, the court holds that the

2

complaint, as currently pled, fails to state a claim upon which relief may be granted.

The court DEFERS ruling on the motion for default judgment for 30 days, during which time the plaintiff may amend the complaint to more adequately set out facts which support her claims and explain which facts support what counts. Should the plaintiff not amend within the next 30 days, the court will attempt the difficult task of ruling on the motion using the complaint as currently pled.

(Doc. 18 at 4-5).

On October 23, 2014, the Plaintiff filed an Amended Complaint which again named only Mike Rome Holdings as a Defendant. The Amended Complaint alleged only violations of the following sections of the Fair Debt Collections Practices Act:

– Section 1692c(a)(1) which prohibits communications "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer" (Count One);

– Section 1692e which generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." (Count Two);

– Section 1692e(2)(A) which specifically prohibits "[t]he false representation of . . . the character, amount, or legal status of any debt" (Count Three);

– Section 1692e(4) which prohibits "[t]he representation or implication that nonpayment of any debt will result in … garnishment, attachment, or sale of

any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action[]" (Count Four);

– Section 1692e(5) which prohibits a debt collector from threatening "to take any action that cannot legally be taken or that is not intended to be taken" in an attempt to collect a debt (Count Five);

– Section 1692e(10) which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer" (Count Six);

– Section 1692e(11) which requires that the Defendant provide warnings and disclosures that it is a debt collector attempting to collect a debt (Count Seven);

– Section 1692f which prohibits a debt collector generally from using "unfair or unconscionable means to collect or attempt to collect any debt" (Count Eight); and

– Section 1692f(1) which prohibits specifically "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law" (Count Nine).

The Amended Complaint dropped the original Complaint's Alabama state law claims of invasion of privacy; "negligent, wanton, and/or intentional hiring and supervision

of incompetent debt collectors;" and "wanton, malicious, and intentional conduct." Other than the federal claims listed above, the Amended Complaint contained no other claims.

### C.    Default Judgment and First Trial Setting

On October 30, 2014, the Court entered an Order which, in part, stated:

[I]t is hereby **ORDERED, ADJUDGED**, and **DECREED** that **JUDGMENT BY DEFAULT** is hereby awarded against the defendant, and in favor of the plaintiff, on all counts of the Amended Complaint. Because the plaintiff has demanded a jury trial, a trial on the issue of damages only will be set by a later order.

(Doc. 20 at 19) (emphasis in original). The case was set for trial to be held on January 15, 2015. (Doc. 29 at 14).

The morning of trial, counsel for the Plaintiff made an oral motion to continue the trial setting so that he could name additional defendants. That motion was granted and the trial was continued generally. (Doc. 30).

### D.    The Second Amended Complaint

The Plaintiff filed her Second Amended Complaint on March 4, 2015. (Doc. 32). In addition to again naming Mike Rome Holdings, the Second Amended Complaint added the following new Defendants: Mike Rome; Pickett & Rome, LLC; Pickett & Rome, LLC d/b/a MRH & Associates; Benson, Pickett, Lauricella & Rome, LLC; and Benson, Pickett, Lauricella & Rome, LLC d/b/a MRH & Associates. (Doc.

5

32 at 3-4). Against all Defendants, the Second Amended Complaint states that same counts brought in the First Amended Complaint.[1] In addition, it sets out another count claiming that the Defendants are alter egos of each other.  (Count Ten).

E.   **Default – Part Two**

On May 29, 2015, when the new Defendants failed to respond to the Second Amended Complaint, the Plaintiff moved for the clerk to enter their default. (Doc. 38). On June 1, 2015, the Clerk of Court entered the default of the new Defendants. (Doc. 39).[2] On June 3, 2015, the Defendants appeared and moved to set aside the entries of default against each of them. (Doc. 40). Because the Defendants failed to satisfy their burden,[3] the motion was denied without prejudice on June 16, 2015. (Doc. 41). On June 26, 2015, the Defendants again moved this Court to set aside the entries of default against each of them, and the default judgment against Mike Rome Holdings. (Doc. 42). This Court granted that motion on August 6, 2015. (Doc. 43).

---

[1] The Second Amended Complaint notes that the label "MRH" refers to all defendants collectively. (*See* doc. 32 at 4, ¶10).  Each count refers, in one form or another, to conduct by "MRH." In other words, all counts are alleged against all Defendants.

[2] As noted, the Plaintiff had already obtained a default judgment against Mike Rome Holdings.

[3] This Court noted that the Defendants had failed to show "good cause" for setting aside default, which is required under Rule 55 (c) of the Federal Rules of Civil Procedure. (Doc. 41 at 2). The Court also noted that the motion made no attempt to set aside the default judgment entered as to Mike Rome Holdings.  (Doc. 41 at 3).

6

### F.    **Answers**

Thereafter, on August 16, 2015, the Defendants filed an Answer to the Second Amended Complaint. (Doc. 44). Noting that the Answer violated Rules 8 and 11 of the Federal Rules of Civil Procedure, the Court ordered the Defendants to file an Amended Answer. (Doc. 45). The Defendants filed their Amended Answer on September 23, 2015. (Doc. 46).

### G.    **Discovery Delays**

This Court entered an Order on November 30, 2015, setting June 10, 2016, as the discovery deadline, and July 11, 2016, as the dispositive motion deadline. (Doc. 50 at 1, 5). On June 8, 2015, the parties filed a "Joint Motion for Extension of Deadlines," stating that the parties only need "an additional thirty (30) days to complete discovery." (Doc. 51 at 2). Further, the parties stated that they "believe[d] this additional time [would] allow them to resolve the outstanding discovery issues and [would] put them in a better position to resolve this matter through mediation or settlement or be prepared for trial if necessary." (Doc. 51 at 2). The parties asked this Court to "extend the Discovery deadline and all remaining deadlines by thirty (30) days." (Doc. 51 at 3). By margin order, this Court granted that motion on June 8, 2016 (doc. 52), making the new discovery deadline July 10, 2016, and the new dispositive motion deadline August 10, 2016.

On June 27, 2016, counsel for the Defendants filed a motion to withdraw, stating that his representation "was terminated on June 22, 2016." (Doc. 53). On June 28, 2016, the Court issued the following Order:

> Because the motion does not indicate that it was served on the Defendants, Mr. Simpson is **ORDERED** to certify to the Court that he has served a copy of his motion, and this order, on his clients. Further, Mr. Simpson is **ORDERED** to remind his clients that limited liability companies cannot proceed in federal court pro se. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381 (11th Cir.1985), *cert. denied*, 474 U.S. 1058 (1986); *IBEW-NECA Local 505 Welfare & Pension Plans v. R.D. Elec., L.L.C.*, (striking pro se answer of limited liability company); *Streeter v. Office of Douglas R. Burgess, LLC*, 2008 WL 508456 (M.D.Ala.,2008) (limited liability company required to have representation by counsel). Mr. Simpson shall also certify to the Court that he has so reminded his clients.
>
> Thirty (30) days after the date of this Order, the motion to withdraw will be granted as long as the above certifications have been filed, and no objection to the motion has been received.

(Doc. 54 at 2) (emphasis in original). On July, 11, 2016, instead of complying with that Order, Defendants' counsel filed a notice stating: "[p]ursuant to the Order of this Honorable Court dated June 28, 2016, Mike Rome was delivered and served copy of that Order of this Court, dated June 28, 2016, via electronic mail on June 29, 2016." (Doc. 55 at 1). That same day, the Plaintiff filed a "Motion to Compel, or, Alternatively, to Extend Discovery Deadlines." (Doc. 56). In her motion, the Plaintiff noted that, after delays and promises of discovery responses and deposition dates,

neither had been forthcoming, and that, until Defendants' counsel was allowed to withdraw, she could not contact the Defendants directly.

On July 19, 2016, this court entered an Order which, *inter alia*, stated:

1.      [Defense counsel] shall provide the certifications required by the Court's June 28, 2016, Order no later than July 26, 2016. **He shall ALSO provide contact information for each Defendant before that date.**

2.      **ALSO, before July 26, 2016, [Defense counsel] shall certify to the Court that he has provided a copy of the Plaintiff's Motion to Compel to the Defendants, along with a copy of all discovery requests related thereto, so that the Defendants may provide them to their new attorney.**

3.      The Motion to Compel is **DENIED without prejudice**. The Plaintiff may refile the motion, if necessary, after the Motion to Withdraw is resolved.

4.      The deadline to complete discovery is hereby **EXTENDED** to October 11, 2016.

(Doc. 57 at 2-3) (emphasis in original). After Defendants' counsel again filed certifications which did not comply with this Court's order (doc. 58), on July 25, 2016, this Court denied the motion to withdraw. (Doc. 59).

On August 18, 2016, this Court set a new dispositive motion deadline for November 14, 2016. (Doc. 60). On September 1, 2016, after Defendants' counsel filed a proper motion and certifications (doc. 61), this Court granted his motion to withdraw (doc. 62).

### H.     The Motion for Summary Judgment

The instant motion for summary judgment was filed by the Plaintiff on December 12, 2016. (Doc. 67). It is now under submission. For the reasons stated herein, the motion will be **GRANTED in part** and this matter will be set for trial.

## II.     STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[S]ummary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.") (internal quotation marks and citation omitted). The party requesting summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings in answering the movant. *Id.* at 324. By its own affidavits – or

by the depositions, answers to interrogatories, and admissions on file – it must designate specific facts showing that there is a genuine issue for trial. *Id.*

The underlying substantive law identifies which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Chapman*, 229 F.3d at 1023. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248. A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* If the evidence presented by the non-movant to rebut the moving party's evidence is merely colorable, or is not significantly probative, summary judgment may still be granted. *Id.* at 249.

How the movant may satisfy its initial evidentiary burden depends on whether that party bears the burden of proof on the given legal issues at trial. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). If the movant bears the burden of proof on the given issue or issues at trial, then it can only meet its burden on summary judgment by presenting *affirmative* evidence showing the absence of a genuine issue of material fact – that is, facts that would entitle it to a directed verdict if not controverted at trial. *Id.* (citation omitted). Once the moving party makes such

11

an affirmative showing, the burden shifts to the non-moving party to produce "significant, probative *evidence* demonstrating the existence of a triable issue of fact." *Id.* (citation omitted) (emphasis added).

For issues on which the movant does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways. *Id.* at 1115-16. First, the movant may simply show that there is an absence of evidence to support the non-movant's case on the particular issue at hand. *Id.* at 1116. In such an instance, the non-movant must rebut by either (1) showing that the record in fact contains supporting evidence sufficient to withstand a directed verdict motion, or (2) proffering evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. *Id.* at 1116-17. When responding, the non-movant may no longer rest on mere allegations; instead, it must set forth evidence of specific facts. *Lewis v. Casey*, 518 U.S. 343, 358 (1996). The second method a movant in this position may use to discharge its burden is to provide affirmative *evidence* demonstrating that the non-moving party will be unable to prove its case at trial. *Fitzpatrick*, 2 F.3d at 1116. When this occurs, the non-movant must rebut by offering *evidence* sufficient to withstand a directed verdict at trial on the material fact sought to be negated. *Id.*

12

## III.  FACTS[4]

The following facts are deemed to be admitted since they have been proffered

by the Plaintiff and were not disputed by the Defendants:[5]

1.     Plaintiff purchased a 2004 Chevrolet Malibu in early 2012 with financing through Redemption Financial Services [("Redemption")]. (Affidavit of Bass ¶ 4, Ex. "A").

* * *

---

[4] The facts set out herein are gleaned in substantial part on the facts proffered by the parties. To the extent that a party has proffered a fact which is not disputed, it has been included herein exactly as it was proffered, without citation. To the extent that a fact proffered by a party was disputed by another party, the Court first examined the proffered fact to determine whether the evidence cited in support of that fact actually supported the fact as stated. If it did not, the fact was not included. If it did, the Court then looked to whether the evidence cited in support of the dispute actually established a dispute. If it did not, the Court presented the fact as proffered, with citation to the evidence supporting the fact as proffered. If the evidence did support a dispute, the fact was cast, as this Court must, in the light most favorable to the non-movant, with citation to the evidence supporting the fact in that light. If more explanation was needed, the Court included that information in an appropriate footnote. Some facts proffered by the parties, which the Court deemed irrelevant and/or immaterial, may have been omitted. Further, as necessary, the Court may have included additional facts cast in the light most favorable to the non-movant.

[5] The Uniform Initial Order entered in this case on October 31, 2013, provides:

The first section [of a brief in response to a motion for summary judgment] must consist of only the non-moving party's disputes, if any, with the moving party's claimed undisputed facts. The non-moving party's response to the moving party's claimed undisputed facts shall be in separately numbered paragraphs that coincide with those of the moving party's claimed undisputed facts. Any statements of fact that are disputed by the non-moving party must be followed by a specific reference to those portions of the evidentiary record upon which the dispute is based. *All material facts set forth in the statement required of the moving party will be deemed to be admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment.*

(Doc. 5 at 17) (emphasis in original).

13

5.      In the fall of 2012, Ms. Bass'[s] car was repossessed and[,] after the sale of the vehicle, she allegedly owed a deficiency on the car. (Complaint ¶ 7, [Doc. 1])

6.      Ms. Bass received a letter from Redemption Financial alleging a deficiency after the sale of $5,607.46 plus interest of $442.07. (Affidavit of Bass ¶ 10, Ex. "A")(Ex. "B").

7.      Mike Rome Holdings . . . purchased or was assigned the alleged deficiency for collections. (Complaint ¶ 10, [Doc. 1]).

8.      MRH[6] sent Ms. Bass a letter threatening to garnish $6,188.01 that misstated the law and threatened garnishment "without any further court proceedings or notice to you, ten days or more from the date hereof.["] (Affidavit of Bass ¶4, Ex. "A")(Ex. "C").

9.      The letter states,

> PLEASE TAKE NOTICE that a garnishment summons or levy may be served upon your employer or other third parties, without any further court proceedings or notice to you, ten days or more from the date hereof. If your earnings are garnished, your employer must show you how the amount that is garnished from your earnings was calculated. You have the right to request a hearing if you claim the garnishment is incorrect.
>
> You may wish to contact the attorney for the creditor in order to arrange for a settlement of the debt or contact an attorney to advise you about exemptions or other rights.

(Ex. "C").

---

[6] Again, the Second Amended Complaint makes it clear that references to "MRH" refer to <u>all</u> Defendants collectively. (*See* doc. 32 at 4, ¶10).

10.     As a part of its collection efforts, MRH also began calling Plaintiff to collect the debt. (Affidavit of Bass ¶ 11, Ex. "A").

11.     In particular, Ms. Bass was called by a collector named Lester Trey, an employee of MRH to collect the debt. (Affidavit of Bass ¶ 12, Ex. "A").

12.     When Ms. Bass told him she did not think she could afford to pay the debt due to her limited budget, he began grilling her about items on her credit report that he had apparently pulled from the credit bureaus. (Affidavit of Bass ¶ 12, Ex. "A").

13.     Lester pried into her financial affairs asking about other loans, whether she was going to be a nurse due to some education loans and began threatening Ms. Bass with garnishment if she didn't agree to the deal he offered. (Affidavit of Bass ¶ 12, Ex. "A").

14.     MRH collectors also called Ms. Bass extremely early in the morning, before 8 a.m., two other times and again harassed her to pay this debt threatening that if she did not they would send the account straight to garnishment. The collectors made these threats despite her informing them that she could not afford the payments due to her being on Social Security disability. (Affidavit of Bass ¶ 17, Ex. "A").

15.     At the time of these threats, Ms. Bass'[s] sole income was from Social Security in the amount of $975 per month. This was barely enough for her to pay her bills and buy food. (Affidavit of Bass ¶ 21, Ex. "A").

16.     These threats to Ms. Bass were extremely upsetting due to her being on a fixed income from Social Security Disability payments due to depression and anxiety. (Affidavit of Bass ¶ 19, Ex. "A").

17.     She felt helpless that the defendants could supposedly garnish her in only 10 days without having to go to court to prove the debt, without having to prove that she owed it and without her being able to do anything to stop it. (Affidavit of Bass ¶ 19, Ex. "A").

18.     Ms. Bass received other similar calls threatening garnishment and harassing her if she did not pay. (Affidavit of Bass ¶ 21, Ex. "A").

19.     Ms. Bass was worried that if her payments were garnished that she might lose her home and fall behind on other bills. These threats caused her to become depressed and suffer from anxiety over the consequences of being garnished. (Affidavit of Bass ¶ 12-13, 21, Ex. "A").

20.     During this time, Ms. Bass was seeing a therapist to help her deal with depression and anxiety. After the phone call, she was so upset she felt the need to take a Valium to calm her nerves. (Affidavit of Bass ¶ 14-15, Ex. "A").

21.     Ms. Bass also later discussed the depression and anxiety with her counselor to help her deal with the depression and worry from MRH's collection efforts against her. (Affidavit of Bass ¶ , Ex. "A").

(Doc. 68 at 11-14).

## IV.   ANALYSIS

Based on the admitted facts, the Court determines that each of the Defendants is a "debt collector," as defined by the FDCPA. *See* 15 U.S.C.A. § 1692a(6) ("any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts"). Similarly, the court determines that the Plaintiff is a "consumer" as defined by the FDCPA. *See,* 15 U.S.C.A. § 1692a(3) ("any natural person obligated or allegedly obligated to pay any debt").

## A.   Count One

The Plaintiff first moves for summary judgment as to Count One, which alleges a violation of section 1692c(a)(1). That section prohibits a debt collector from communicating with a consumer in connection with the collection of any debt "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer."[7] The statute further provides that "a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location." It is admitted that the Defendants called the plaintiff, at least two times, prior to 8:00 a.m. This is sufficient to establish liability on this count. Summary judgment will be granted to the Plaintiff, and against all Defendants[8], as to Count One, on the issue of liability.

## B.   Counts Two, Three, and Six

The Plaintiff argues that she is entitled to summary judgment as to Counts Two, Three, and Six. Count Two alleges a violation of section 1692e, which generally

---

[7] To be clear, the motion actually argues that the "Defendants violated § 1692c(a)(1)," which is the basis for Count One. The Plaintiff's entire motion focuses not on counts, but on the law which was violated. For clarity, the Court will "convert" the Plaintiff's argument and focus instead on counts.

[8] Each count alleges a violation by "MRH," which, as noted, refers to all Defendants collectively. Judgment therefore is proper as to all Defendants without regard to whether each is an alter ego of some other, as alleged in Count Ten.

prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Count Three alleges a violation of section 1692e(2)(A), which specifically prohibits a debt collector from "[t]he false representation of . . . the character, amount, or legal status of any debt." Count Six alleges a violation of section 1692e(10), which prohibits a debt collector from "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

Because there was no judgment, or even any pending court action against the plaintiff, each of these sections was violated by the letter sent to the Plaintiff which falsely stated that "a garnishment summons or levy may be served upon your employer or other third parties, without any further court proceedings or notice to you, ten days or more from the date hereof," and "[y]ou have the right to request a hearing if you claim the garnishment is incorrect." These sections were also violated when the Defendants called the Plaintiff and verbally told her that if she did not pay they would send the account "straight to garnishment." (Doc. 68 at 13-14, ¶¶14, 18).[9]

---

[9] Contrary to the Plaintiff's argument, the admitted facts do not establish a direct threat to garnish the plaintiff's Social Security income.

Summary judgment will be granted to the Plaintiff, and against all Defendants, as to Counts Two, Three, and Six, on the issue of liability.

### C.    <u>Counts Eight and Nine</u>

The Plaintiff also argues that the Defendants violated section 1692f, which prohibits a debt collector generally from using "unfair or unconscionable means to collect or attempt to collect any debt." The Amended Complaint also alleges a violation of section 1692f(1), which specifies that

> without limiting the general application of [section 1692(f) generally], the following conduct is a violation of this section: . . . The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692(f)(1). For the reasons previously stated, the November 9, 2013, letter and the Defendants' verbal communications regarding garnishments violated these sections. Summary judgment will be granted in favor of the Plaintiff, and against all Defendants, as to Counts Eight and Nine, on the issue of liability.

### D.    <u>Other Counts and Grounds for Relief</u>

The Plaintiff makes no argument in her motion regarding Counts Four, Five, Seven, and Ten. Summary judgment will be denied as to those counts.

The Plaintiff also argues that the Defendants violated section 1692d. (Doc. 68 at 17, 18). No count in the Second Amended Complaint requests relief under this

section. "At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed.R.Civ.P. 15(a).  A plaintiff may not amend her complaint through argument in a brief[.]" *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004). Summary judgment, to the extent that the Plaintiff argues for relief under section 1692d, will be denied.

The Plaintiff also makes an argument for damages. (Doc. 68 at 20-23). Damages must be resolved at the trial of this matter. Summary judgment will be denied on that issue. The Plaintiff also makes an argument for attorneys fees and costs, but notes that she "will submit a separate Application for Attorneys Fees and Costs." (Doc. 68 at 24). Accordingly, said request is not yet ripe. Summary judgment will be denied on that issue.

## V.   CONCLUSION

Based on the foregoing, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the Plaintiff's motion for summary judgment is **GRANTED in part**. Summary judgment, as to liability, is hereby granted in favor of the Plaintiff, and against all Defendants, as to Counts One, Two, Three, Six, Eight, and Nine. Also, summary judgment is hereby **GRANTED** in that it is **DETERMINED** and the Court **HOLDS** that all Defendants are "debt collectors" under the FDCPA, and the Plaintiff

is a "consumer" under the FDCPA. In all other respects, the motion for summary

judgment is **DENIED**.

By separate Order, this case will be set for jury trial.

**DONE** and **ORDERED** this 2nd day of March, 2017.

_____

**VIRGINIA EMERSON HOPKINS**
United States District Judge